CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 23 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:13-cr-00030-1 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| GUY HARVEY SPRUHAN, IV, | ) | By: Michael F. Urbanski |
| Petitioner. | ) | United States District Judge |

Guy Harvey Spruhan, IV, a federal inmate proceeding pro se, has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss, and Spruhan responded, making this matter ripe for consideration. After reviewing the record, the court concludes that the government's motion to dismiss must be granted and the § 2255 motion must be dismissed.

I.

On December 5, 2013, a federal grand jury charged Spruhan with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). The count carried a mandatory minimum sentence of ten years' to life imprisonment. 21 U.S.C. § 841(b)(1)(A). The government filed a notice pursuant to 21 U.S.C. § 851 informing Spruhan that he was subject to an enhanced penalty of twenty years' to life imprisonment based on a 2008 felony drug conviction.

On July 22, 2014, Spruhan pleaded guilty to Count One in a written plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). The plea agreement established an agreed-upon sentencing range of 144 to 180 months' incarceration, and the government agreed to dismiss the § 851 information. The parties agreed to a stipulated drug weight of at least 15 kilograms of methamphetamine, which resulted in a base offense level of 38, pursuant to United States Sentencing Guideline ("U.S.S.G.") § 2D1.1(c)(1). The plea agreement also provided that

"all other sentencing matters . . . are left to the Court's discretion" and that "other guideline sections may be applicable." Plea Agt. 4, ECF No. 233.

During the plea colloquy, the government entered into the record a statement of facts signed by Spruhan. The statement of facts noted that: "Spruhan began supplying [two girls] with 'ice' methamphetamine to sell . . . . When Spruhan began supplying [them] with 'ice' they were still minors." Ex. 2 to Response to § 2255 Mot. 1, ECF No. 438-2. It also stated that "in addition to being a seller, he was a user with an addiction of his own." Id. The government summarized the statement of facts on the record, Spruhan agreed that he had previously reviewed it and that it was accurate. Plea Hr'g Tr. 36-37, ECF No. 430. Spruhan also affirmed that he was "fully satisfied with the advice and representation provided by [his] counsel in this case." Id. at 31. The government reviewed on the record the terms of the plea agreement, and Spruhan said that he understood and agreed to them. Id. at 13-19. Spruhan affirmed that he understood that if the court were to accept his plea, his sentencing range would be 144 to 189 months. Id. at 26. The court found that Spruhan was fully competent and capable of entering an informed plea and that his guilty plea was knowingly and voluntarily made; the court took the plea and plea agreement under advisement pending the Presentence Investigation Report ("PSR"). Id. at 17.

The PSR noted that Spruhan had provided "ice" methamphetamine to two minors who sold the drugs for him. PSR ¶ 17, ECF No. 319. The PSR applied a two-level enhancement for using or attempting to use a person less than eighteen years of age to commit the offense. The PSR ultimately recommended a total offense level of 37 and a criminal history category of III, which resulted in an imprisonment range of 262 to 327 months' incarceration. Id. ¶ 75. Neither party filed any objections to the PSR.

2

However, defense counsel did file a sentencing memorandum arguing that the court should sentence Spruhan to 144 months because his actions were largely the result of his own methamphetamine addiction, he was twenty-one years old when he provided the minors, who were seventeen, with drugs, he was committed to caring for his daughter and he had been "walk[ing] along a path of recovery and rehabilitation" before he was arrested. Sent. Mem. 6, 8, ECF No. 316. The memorandum also noted that Spruhan was twenty-one years old when he provided the minors, who were seventeen, with drugs, and one of the minors provided inconsistent statements about Spruhan's role in supplying her drugs to sell.

During the sentencing hearing, the court adopted the findings in the PSR. Defense counsel called Spruhan's mother as a witness on his behalf and she testified that Spruhan had been addicted to methamphetamine. The AUSA argued that Spruhan should receive a 180 month sentence, in part, because he used minors to help him sell drugs. Sent. Hr'g Tr. 19, ECF No. 431. The court accepted Spruhan's plea and sentenced him to 180 months. Id. at 41. Spruhan did not appeal and filed the § 2255 motion alleging two ineffective assistance of counsel claims: (1) counsel failed to object to the two-level enhancement for use of a minor; and (2) counsel failed to present mitigating evidence of Spruhan's drug use.

## II.

To state a viable claim for relief under § 2255, a petitioner must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such a sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Spruhan bears the burden of proving grounds for a collateral attack by a preponderance of the evidence. Jacobs v. United States, 350 F.2d 571, 574 (4th Cir. 1965).

3

Criminal defendants have a Sixth Amendment right to effective legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). The proper vehicle for a defendant to raise an ineffective assistance of counsel claim is by filing a § 2255 motion. United States v. Baptiste, 596 F.3d 214, 216 n.1 (4th Cir. 2010). However, ineffective assistance claims are not lightly granted; "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686. Accordingly, in order to establish a viable claim of ineffective assistance of counsel, a defendant must satisfy a two-prong analysis showing both that counsel's performance fell below an objective standard of reasonableness and establishing prejudice due to counsel's alleged deficient performance. Id. at 687. When considering the reasonableness prong of Strickland, courts apply a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; Gray v. Branker, 529 F.3d 220, 228-29 (4th Cir. 2008). Counsel's performance is judged "on the facts of the particular case," and assessed "from counsel's perspective at the time." Strickland, 466 U.S. at 689, 690.

To satisfy the prejudice prong of Stickland, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Id. at 694. A defendant who has pleaded guilty must demonstrate that, but for counsel's alleged error, there is a reasonable probability that he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59 (1985). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

4

## A. Failure to Object to Two-Level Enhancement for Use of a Minor

Spruhan first argues that counsel provided ineffective assistance by failing to object to the PSR's two-level enhancement for using a minor to sell drugs, pursuant to U.S.S.G. § 3B1.4. He asserts that the record held no evidence that a minor was involved and that counsel's failure to object affected the outcome of the proceeding. This argument lacks merit.

Spruhan's claim that the government did not have evidence to support this enhancement is belied by the record. First, Spruhan signed the statement of facts that provided that he supplied two minors with "ice" methamphetamine to sell. During his plea colloquy, the statement of facts was summarized on the record, and Spruhan affirmed that it was accurate. He cannot successfully contradict statements that he made at his plea colloquy. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (holding that absent extraordinary circumstances, "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false").

In addition, counsel's decision not to object to the PSR was manifestly reasonable. See Yarborough v. Gentry, 540 U.S. 1, 5-6 (2003) (noting that "counsel has wide latitude in deciding how best to represent a client"). As part of his plea agreement, Spruhan agreed not to make any false statements. Plea Agt. 9, ECF No. 233. Had counsel argued at sentencing that facts that Spruhan had previously affirmed were true were, in fact, false, the plea agreement could have been called into question. A violation of the plea agreement would have allowed the government to seek a number of remedies including recommending a higher sentence based on the dismissed § 851 enhancement. Moreover, although counsel did not object to the PSR, he did cast doubt on the credibility of one of the minors. In the sentencing memorandum, counsel highlighted

5

inconsistent statements in which she claimed both that Spruhan had provided her with drugs and that he had not played any role in her drug transactions. Sent. Mem. 3, ECF No. 316.

Finally, Spruhan cannot establish prejudice. The PSR recommended a sentencing guideline range of 262 to 327 months' incarceration. If the two-point enhancement for use of a minor had not been applied, he would have had a base offense level of 35, resulting in a sentencing guideline range of 210 to 262 months. As part of his plea agreement, the parties agreed to a sentencing range of 144 to 180 months, and the court sentenced Spruhan to 180 months. This sentence is well below the sentencing range he would have faced, even without the two-level enhancement. Therefore, Spruhan has failed to establish that counsel's decision not to object to the PSR enhancement was objectively unreasonable or that he suffered any prejudice because of it. Strickland, 466 U.S. at 688.

### B. Failure to Present Mitigating Evidence

Next, Spruhan argues that counsel failed to present mitigating evidence that he was addicted to methamphetamine when he engaged in criminal conduct. Contrary to Spruhan's claim, counsel did raise this argument before the court on numerous occasions. Spruhan's drug use was first brought to the court's attention at his plea colloquy when the government noted that it was "important to [defense counsel] that this be said . . . . Mr. Spruhan was an addicted user of methamphetamine during this time period." Plea. Hrg. Tr. 35, ECF No. 430. Spruhan's drug use was also included in the statement of facts filed with the court and signed both by Spruhan and his counsel. In addition, counsel's sentencing memorandum noted that Spruhan had used methamphetamine since he was a teenager. Finally, counsel called Spruhan's mother as a mitigating witness at the sentencing hearing and she testified that Spruhan had been addicted to methamphetamine. Because counsel presented mitigating evidence of Spruhan's drug use, this

6

argument lacks merit and Spruhan cannot establish either that counsel provided ineffective assistance or that he was prejudiced by counsel's actions. Strickland, 466 U.S. 687.

### III.

For the reasons stated, the court grants the government's motion to dismiss. Because Spruhan has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c) and Slack v. McDaniel, 529 U.S. 473, 484 (2000), a certificate of appealability is denied.

**ENTER:** This 23rd day of June, 2016.

/s/ Michael F. Urbanski
United States District Judge

7

Case 5:13-cr-00030-MFU-RSB   Document 465   Filed 06/23/16   Page 7 of 7   Pageid#: 4942