CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 28 2019

JULIA C. DUDLEY, CLERK
BY:
      DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) Case No. 5:13-cr-00030<br>) |
| v. | )<br>) |
| GUY HARVEY SPRUHAN, IV, | )<br>)  By:   Michael F. Urbanski<br>)         United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Guy Harvey Spruhan's motion and amended motion to reduce his sentence pursuant to the holding in Hughes v. United States, 138 S. Ct. 1765 (2018). ECF Nos. 490, 497. The government responded to the motions on August 31, 2018. ECF No. 505. The court entered an Order to Respond on January 17, 2019, directing the government to address the arguments raised by Spruhan. ECF No. 510. The government responded on April 8, 2019, ECF No. 515, and Spruhan replied on April 16, 2019.[1] ECF No. 516. For the reasons set forth below, the court **DENIES** Spruhan's motion for sentencing relief.

### I.

On June 30, 2014, Spruhan entered into a plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) to Count 1 of the Indictment, charging him with distributing and possessing with intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and

---

[1] In his reply, Spruhan asked the court to consider an appeal pending in the Ninth Circuit Court of Appeals in United States v. Hernandez-Martinez, No. 15-30309, which had just been argued in that court and which raised the same sort of post-Hughes challenges asserted by Spruhan. The Ninth Circuit decided Hernandez-Martinez in the government's favor on August 13, 2019. United States v. Hernandez-Martinez, 933 F. 3d 1126 (9th Cir. 2019).

841(b)(1)(A). The maximum statutory penalty was a fine of $20 million, imprisonment for a term of life, plus a term of supervised release of at least five years. In addition, a mandatory minimum sentence of imprisonment for a term of twenty years applied. ECF No. 233, at 1. However, as part of the plea agreement, the government dismissed a 21 U.S.C. § 851 Information seeking enhancement of his penalty range because of a prior felony drug conviction. With dismissal of the § 851 notice regarding the prior conviction, the mandatory minimum sentence dropped to ten years. Id. at 1-4. Pursuant to Rule 11(c)(1)(C), the parties agreed that Spruhan would be sentenced to a term of incarceration within the range of 144 months to 180 months if the court accepted the plea and plea agreement. Id. at 3.

Spruhan's attorney submitted a sentencing memorandum arguing that Spruhan be sentenced to the low end of the Rule 11(c)(1)(C) plea agreement range, 144 months, and that he be given credit for seven months he had spent in state custody on charges of selling methamphetamine in February 2008. ECF No. 316, at 1. The government also submitted a sentencing memorandum recommending that Spruhan be sentenced to the high end of the sentencing range, 180 months. ECF No. 317, at 13.

The Presentence Investigation Report (PSR) assigned Spruhan a base offense level of 38. He received a two-level enhancement for using or attempting to use a person under the age of eighteen to commit the offense. He received a three-level decrease for acceptance of responsibility, leaving him with a total offense level of 37. ECF No. 319, at 6-7. He was assigned the criminal history category of III. Id. at 9. As a result, Spruhan's sentencing guidelines range was determined to be 262 to 327 months. Id. at 13.

On October 9, 2014 the court sentenced Spruhan to 180 months of incarceration, to be followed by a five-year term of supervised release. ECF No. 322. The court imposed a sentence at the top end of the Rule 11(c)(1)(C) range because "Spruhan has been unrelenting in his involvement in drug dealing in this community over a long period of time." Sent. Tr., ECF No. 431, at 41. The court stated:

> The fact of the matter is that while you argue you have removed yourself from the drug-dealing lifestyle, the evidence is different from that. So to protect the public, to provide adequate deterrence to you and to others, to make sure there's not unwarranted sentencing disparities, to provide a just sentence for selling this kind of poison in our community, I believe a sentence at the 180 range, which when you consider all things together, is a huge break off the guidelines in this case; and given the dropping of the 851 in this case takes you five years below the mandatory minimum. I think 180 months is absolutely fair and reasonable and consistent with the 3553(a) factors in this case.
>
> It takes into account your history. It takes into account your history and consistent involvement in drugs. It takes into account your involvement of minor folks in this drug dealing and drug use. It takes into account the nature and circumstances of this offense.

Id., at 42.

## II.

Spruhan asserts that he is entitled to the relief afforded by Hughes to defendants who entered plea agreements pursuant to Rule 11(c)(1)(C). Hughes held that defendants who were sentenced pursuant to a Rule 11(c)(1)(C) agreement are eligible for a sentence reduction based on Amendment 782 to the Sentencing Guidelines range if the guidelines were part of the framework the district court relied on in imposing the sentence. Hughes, 138 S.Ct. at 1175.

3

It is clear that in this case that the Sentencing Guidelines provided a part of the framework upon which the court relied in imposing Spruhan's sentence as the court expressly mentioned the guidelines when imposing his sentence. Further, each side addressed the Sentencing Guidelines in their sentencing memoranda and argument to the court. As such, Spruhan's case falls within those subject to review following Hughes.

### III.

In applying Hughes to this case, the court must first recalculate Spruhan's advisory Sentencing Guidelines, taking in to account the two level reduction set forth in Amendment 782. In his plea agreement, Spruhan agreed that the 2013 edition of the United States Sentencing Guidelines applied to his offenses. Spruhan also stipulated that his offense conduct involved 15 kilograms or more of Methamphetamine, putting him at a Base Offense Level of 38, representing the top of the Drug Quantity Table under United States Sentencing Guideline § 2D1.1(c)(1).

Amendment 782, effective November 1, 2014, and applied retroactively, lowers the Base Offense Level for "[a]t least 15 KG but less than 45 KG of Methamphetamine" to a level 36. Applying the two level reduction in Amendment 782 to Spruhan's case lowers his total offense level to a 35. With a criminal history category of III, Spruhan's advisory guideline range, taking into account Amendment 782, is 210-262 months. Thus, Spruhan's sentence of 180 months, imposed pursuant to the Rule 11(c)(1)(C) plea agreement, falls below the low end of the advisory Sentencing Guidelines range calculated following Amendment 782.

# IV.

U.S.S.G § 1B1.10(b)(2)(A) places a limitation on the permissible reduction in a term of imprisonment as a result of an amended guideline range. This section provides that, except in the case of substantial assistance, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection."

Spruhan argues that the court should not apply the limitation imposed by § 1B1.10(B)(2)(A), arguing that it "is in irreconcilable conflict with the statutory directive in 28 U.S.C. § 991(b)(1)(B) to avoid unwarranted sentencing disparity among similarly situated defendants and maintain sufficient flexibility to permit individualized sentences." Am. Mot. to Reduce Sentence, ECF No. 497, at 2. Further, Spruhan argues that application of the limitation in this section would "undo the previously-awarded departures and variances [and] "would violate the Equal Protection Clause." Id. Spruhan explains:

> A downward departure or variance represents a judicial determination that a sentence below the guideline range best serves the purposes of sentencing. Prohibiting a reduction for people who have been deemed to be deserving of lower, below-guideline sentences while permitting a reduction for people who have been deemed to require longer, within-guideline sentences creates an irrational and arbitrary classification without sufficient justification.

Id. In his reply memorandum, Spruhan raises a third argument – that he has a property interest in the downward variance he received when he was sentenced below the guidelines and that § 1B1.10 "operates to deprive [him] of a property interest without a hearing." Reply in Supp. of Mot. to Reduce Sentence Under Amendment 782, ECF No. 516, at 6.

5

Each of Spruhan's arguments have been rejected by the United States Court of Appeals for the Ninth Circuit in United States v. Padilla-Diaz, 862 F.3d, 856 (9th Cir. 2017). As with Spruhan, the defendants in Padilla-Diaz each were convicted of drug offenses and received downward departures or variances that lowered their sentences below the initial guideline range generated by their total offense levels and criminal history categories. After Amendment 782 was issued, each defendant moved for a sentence reduction under § 3582(c)(2), but were deemed ineligible for a reduction by virtue of § 1B1.10(b)(2)(A) because their sentences were already at or below the low end of their amended guideline ranges.

Consistent with Spruhan's arguments, the Padilla-Diaz court first noted that the limitation imposed by § 1B1.10(b)(2)(A) yields the anomalous result that "defendants who originally had lower sentences may be awarded the same sentences in § 3582(c)(2) proceedings as offenders who originally had higher sentences. That is, sentences that were initially tailored to avoid unwarranted disparities and to account for individualized circumstances will now converge at the low end of the guideline range." 862 F. 3d at 861. While recognizing the anomaly created by application of §1B1.10(b)(2)(A) in this context, the Ninth Circuit was constrained to reject each of the arguments raised both by defendants therein and Spruhan.

First, the Ninth Circuit found that § 1B1.10(b)(2)(A) does not stand in irreconcilable conflict with § 991(b). The Ninth Circuit reasoned that § 991(b) is a general statement of the Sentencing Commission's goals, rather than a specific directive to which all sentencing policies must conform. The court also found that this argument failed to account for the fact that a resentencing under § 3582(c)(2) is a "limited adjustment to an otherwise final sentence

6

and not a plenary resentencing proceeding." Id., citing Dillon v. United States, 560 U.S. 817, 826.

Next, the Ninth Circuit held that § 1B1.10(b)(2)(A) does not violate the Equal Protection Clause of the Fifth Amendment, concluding that "[w]hile § 1B1.10(b)(2)(A) will sometimes produce unequal and arguably unfair results, Defendants have not shown that it fails rational basis review." Id. at 862. The Ninth Circuit noted the two rational bases advanced by the government for § 1B1.10(b)(2)(A), making sentencing reductions simple and encouraging defendants to cooperate with the government.

Finally, the Ninth Circuit found no violation of the Due Process Clause of the Fifth Amendment, rejecting the argument that "retroactive application of the current version of § 1B1.10 upsets their settled expectations and therefore violates their right to due process." Id. Distinguishing INS v. St. Cyr, 533 U.S. 289 (2001), the Ninth Circuit concluded:

> The reasoning of St. Cyr does not apply here. The discretionary waiver under § 212(c), upon which St. Cyr relied, already existed when he pleaded guilty. By contrast, Amendment 782, which provides the basis for Defendants' motions, was promulgated after their pleas. Amendment 782 provides a basis for sentence reductions, but is governed by limitations on such reductions. Because of the limitations, Defendants receive no benefit from Amendment 782. But their failure to receive such benefit is not, as in St. Cyr, the result of a retroactive deprivation of a pre-existing benefit. Rather, it is the result of a prospective grant of a limited benefit.

Id. at 863. The court agrees with the reasoning of the Ninth Circuit in Padilla-Diaz and concludes that the limitation in § 1B1.10(b)(2)(A) precludes Spruhan's motion to reduce his sentence following Amendment 782.

7

Nor does Hughes change the result. Following the Supreme Court's 2018 decision in Hughes making sentence modifications under § 3582(c)(2) applicable to cases resolved by Rule 11(c)(1)(C) pleas, the Ninth Circuit had occasion to revisit its decision in Padilla-Diaz and found it to be "fully compatible" with Hughes. United States v. Hernandez-Martinez, 933 F.3d 1126 (9th Cir. 2019). In Hernandez-Martinez, the Ninth Circuit noted that "[t]he question considered in Hughes was entirely different from those addressed in Padilla-Diaz." 933 F. 3d at 1133. The Ninth Circuit concluded that "nothing in Hughes upended the Court's statement in Dillon that § 3582(c)(2) sentence reduction proceedings are acts of lenity, or Padilla-Diaz's reasoning, based on Dillon, that such proceedings are therefore not ordinarily constrained by general sentencing policies." Id. at 1134 (internal citations omitted). The Ninth Circuit also rejected the argument that Hughes and Koons v. United States, 138 S. Ct. 1783 (2018), require sentence reduction under § 3582(c)(2) for every term of imprisonment based on the guidelines and are not subject to the limitation in policy statements such as found in § 1B1.10(b)(2)(A).

## V.

While the Fourth Circuit Court of Appeals has not cited Padilla-Diaz or specifically addressed the arguments raised by Spruhan, it previously held that the Sentencing Commission's policy statements, such as those found in § 1B1.10, are binding and constitute a "jurisdictional bar to reducing sentences below the range authorized by the Commission." United States v. Dunphy, 551 F. 3d 247, 252 (4th Cir. 2009). The court explained:

> Under the express statutory language of § 994(u) and § 3582(c)(2), the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding, just as the statutory restrictions on reductions below a

8

> mandatory minimum are binding. See United States v. Walsh, 26 F.3d 75, 77 (8th Cir. 1994)(holding that "Congress has made the policy statements set forth in § 1B1.10 the applicable law for determining whether a district court has the authority to reduce a sentence in this situation."). The guideline's policy statement in U.S.S.G. § 1B1.10, identifying the amendments which may be applied retroactively, further emphasized the limited nature of the relief available under § 3582(c)(2).

Id. at 250. Ultimately, the Fourth Circuit concluded that "[w]hen a sentence is within the guidelines applicable at the time of the original sentencing, in an 18 U.S.C. § 3582(c) resentencing hearing, a district judge is not authorized to reduce a defendant's sentence below the amended guideline range." Id. at 257. This limitation applies as well to Spruhan's case, where he was originally sentenced below the guidelines range.

As the First Circuit Court of Appeals noted in United States v. Hogan, 722 F.3d 55 (1st Cir. 2013), "[e]very circuit court to have addressed the issue agrees that § 1B1.10(b)(2)(B) bars a district court from lowering a defendant's below-guideline sentence unless the departure at his original sentencing was based on his substantial assistance to the government." Id. at 62 (collecting cases). See also United States v. Contreras, 820 F.3d 773 (5th Cir. 2016); United States v. Taylor, 815 F.3d 248, 250-52 (6th Cir. 2016); United States v. Steele, 714 F.3d 751, 753-57 (2d Cir. 2013). Spruhan has not cited, and the court is not aware of any case holding that the limitation in § 1B1.10(b)(2)(A) does not apply to his circumstances.

Accordingly, Spruhan's motion for reduction of sentence, ECF Nos. 490 and 497, must be **DENIED**. An appropriate Order will be entered.

Entered: 10/25/2019

/s/ Michael F. Urbanski
Michael F. Urbanski
Chief United States District Judge